**Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000368
27-APR-2018
07:59 AM**

NO. CAAP-17-0000368

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


GW, Appellant-Appellant, v.
CHILD SUPPORT ENFORCEMENT AGENCY, STATE OF HAWAII,
and CK, Appellees-Appellees


APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-AP NO. 15-1-6011)

<u>SUMMARY DISPOSITION ORDER</u>
(By:  Fujise, Presiding Judge, Leonard and Reifurth, JJ.)

Appellant-Appellant (Father) GW (**GW**) appeals from the Notice and Judgment on Appeal, filed on March 28, 2017, in the Family Court of the First Circuit (**Family Court**).[1]  GW also challenges the Family Court's March 28, 2017 Decision Affirming the Administrative Findings and Order Filed June 16, 2015 (**Decision Affirming 2015 Administrative Order**).

On appeal, GW contends that Agency-Appellee Child Support Enforcement Agency (**CSEA**) violated his Fifth Amendment right against double jeopardy, that he has the right to request modification of child support at any time, pursuant to Hawaii Revised Statutes (**HRS**) § 576E-10 (2006), and that in 2012, CSEA

---

[1]    The Honorable R. Mark Browning presided.

did not utilize his then-current income to calculate child support, in violation of HRS §§ 576D-7(d) (2006)[2] and 576E-15 (2006).[3]

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve GW's points of error as follows:

On June 4, 2002, the Family Court ordered GW to, *inter alia*, pay $433 per month per child in child support. It appears that, on or about August 3, 2012, GW requested that CSEA modify the amount of child support based on (and informed the agency of) his anticipated incarceration. GW also stated that his two oldest children had attained the age of majority in 2011. Following an October 2, 2012 hearing, on October 10, 2012, a CSEA Hearings Officer entered Administrative Findings and Order (2012 **Administrative Order**). The 2012 Administrative Order states that the parties, CSEA, GW, and CK (**Mother**), agreed to reduce child

_____

[2]     HRS § 576D-7(d) states:

> (d)    The establishment of the guidelines or the adoption of any modifications made to the guidelines set forth in this section may constitute a change in circumstances sufficient to permit review of the support order. A material change of circumstances will be presumed if support as calculated pursuant to the guidelines is either ten per cent greater or less than the support amount in the outstanding support order. The most current guidelines shall be used to calculate the amount of the child support obligation.

[3]     HRS § 576E-15 states:

> **§576E-15  Guidelines to be followed.** When an administrative order establishes or modifies the amount of child support required to be paid by a party, the guidelines established under section 576D-7 shall be applied, except when exceptional circumstances warrant departure. The most current guidelines shall be used to calculate the amount of the child support obligation.

support for the one remaining minor child to $216 per month from October 1, 2012, to May 31, 2017, returning to $433 per month beginning June 1, 2017, when it was anticipated that GW would be released from federal prison. No appeal was taken from the 2012 Administrative Order.

Apparently in response to a new request from GW to CSEA, on or about April 10, 2015, CSEA sent GW and Mother a proposed Administrative Findings and Order, dated April 10, 2015. In response, on April 20, 2015, GW submitted a Request for Hearing, where he objected to child support and past-due support because a substantial change had occurred on August 6, 2012, when due to GW's incarceration, his monthly income was "reduced drastically" to $10 per month.

Following a May 26, 2015 hearing, on June 16, 2015, a CSEA Hearings Officer entered Administrative Findings and Order (2015 Administrative Order). The 2015 Administrative Order states, inter alia, that in the 2012 Administrative Order, GW and Mother agreed that child support would be temporarily reduced to $216 per month from October 1, 2012 to May 31, 2017, and then would revert back to $433 per month after GW's release from prison, and that GW did not appeal the 2012 Administrative Order. The Hearings Officer concluded that HRS § 576E-14(b) does not allow retroactive modification of child support; rather, the statute only allows modification of child support from the time a request is served upon the parties. The Hearings Officer also noted that GW was incarcerated at the time of the 2012 Administrative Order, and the parties took his incarceration into

account when they agreed to the temporary reduction. Thus, the Hearings Officer concluded that GW's incarceration was not a substantial and material change in circumstances, and denied his request to modify child support.

On July 23, 2015, GW filed a notice of appeal with the Family Court. On March 28, 2017, the Family Court entered the Decision Affirming 2015 Administrative Order. The Family Court rejected GW's argument that, in 2012, the parties did not take into consideration his negligible income while incarcerated, pointing out that GW failed to provide a transcript or other documentation supporting that argument. On that basis, the Family Court denied GW relief from the 2015 Administrative Order.

(1) In his appeal to this court, GW contends that imposition of child support or the refusal to reduce child support is a form of punishment due to his prior conviction, which violates the Double Jeopardy Clause of the Fifth Amendment to the U.S. Constitution. GW did not assert that imposition of child support violated the Double Jeopardy Clause before the Family Court. Therefore, the point of error is waived. See Rule 28(b)(4) of the Hawai'i Rules of Appellate Procedure (HRAP).

Even if the point of error was not waived, the Double Jeopardy Clause does not apply to child support. "The double jeopardy clause protects against three distinct abuses: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense." Loui v. Bd. of Med. Examiners, 78 Hawai'i 21, 25, 889 P.2d 705, 709 (1995) (citing

4

United States v. Halper, 490 U.S. 435, 440 (1989)). Child support is not a form of punishment related to a criminal conviction and therefore does not implicate the Double Jeopardy Clause.

(2) GW cites HRS § 576E-10 and the 2012 Administrative Order for the proposition that he may request modification of child support at any time. However, the ability to request a modification does not relieve a party from his or her burden to demonstrate that a modification is warranted.[4] Indeed, it appears that the modification that GW seeks is a retroactive modification of child support obligations that have already accrued. However, HRS § 576E-14(b) (2006), concerning, *inter alia*, modification of support order, provides:

> (b) **Only payments accruing subsequent to service of the request on all parties may be modified**, and only upon a showing of a substantial and material change of circumstances. The agency shall not be stayed from enforcement of the existing order pending the outcome of the hearing on the request to modify.

(Emphasis added).

Thus, GW's child support cannot be modified retroactively and the Family Court did not err in denying GW's request for a retroactive modification. In addition, the circumstances of GW's incarceration and negligible income existed at the time of the 2012 Administrative Order and therefore was not a material change of circumstances. Therefore, the Family

---

[4] HRS § 576E-14(d) (2006) provides that "[t]he responsible parent or custodial parent shall have a right to petition the family court or the child support enforcement agency not more than once every three years for review and adjustment of the child support order without having to show a change in circumstances." Here, however, GW requested modification to the October 2012 Administrative Order in April 2015, in less than three years.

Court did not abuse its discretion in denying GW's request for a modification based on GW's incarceration and negligible income.

(3) GW argues that CSEA erred by not utilizing his income while incarcerated to calculate the amount of child support in the 2012 Administrative Order, in violation of HRS §§ 576D-7(d) and 576E-15. However, "[u]pon filing, the [administrative] order shall have all the force and effect of a final order or decree of the circuit court." HRS § 576E-12(a) (2006). GW did not appeal from the 2012 Administrative Order. Thus, it was final and binding upon him. See Hoopai v. Civil Serv. Comm'n, 106 Hawaiʻi 205, 224, 103 P.3d 365, 384 (2004) ("A judgment is final and binding unless an appeal is taken."). Accordingly, GW waived any claim that the child support guidelines were improperly utilized or that his income while incarcerated was not considered.

For these reasons, we conclude that the Family Court did not abuse its discretion in affirming the 2015 Administrative

Order.  The Family Court's March 28, 2017 Decision Affirming 2015 Administrative Order is affirmed.[5]

DATED: Honolulu, Hawai'i, April 27, 2018.

On the briefs:

GW,
Appellant-Appellant, *Pro Se*.

Tracie M. Kobayashi,
Deputy Attorney General,
for Appellee-Appellee Child
 Support Enforcement Agency,
 State of Hawaii.

Presiding Judge

Associate Judge

Associate Judge

---

[5]     This disposition is without prejudice as to a further request by GW, if any, for prospective modification of his child support obligations based on any ground supported by HRS § 576E-14.